NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ANGELIQUE VON KELSING,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-1723

---

Petition for review of the Merit Systems Protection Board in No. SF-0432-21-0291-I-1.

---

Decided:  October 15, 2024

---

ANGELIQUE VON KELSING, Gig Harbor, WA, pro se.

IOANA C. MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and STARK, *Circuit Judges*.

PER CURIAM.

Angelique Von Kelsing appeals a final order of the Merit Systems Protection Board ("MSPB") affirming her performance-based removal from a position at the Department of the Navy ("Navy"). *Von Kelsing v. Dep't of the Navy*, No. SF-0432-21-0291-I-1, 2022 WL 199510 (M.S.P.B. Jan. 21, 2022) ("*Initial Decision*"); *Von Kelsing v. Dep't of the Navy*, No. SF-0432-21-0291-I-1 2024 WL 1070872 (M.S.P.B. Mar. 11, 2024) ("*Final Order*"). For the following reasons, we affirm.

## BACKGROUND

Ms. Von Kelsing was a Program Analyst in the Quality Assurance Office at the Puget Sound Naval Shipyard and Intermediate Maintenance Facility from October 2018 until her removal. She was responsible for two major areas: analysis of Workload and Resource Reports ("WARR") and budget analysis. Her supervisor from October 2018 to May 2020 reported deficiencies in the performance of her WARR duties. For example, in 2019, Ms. Von Kelsing's supervisor noted that she "decided to discontinue having the WARR meetings because she didn't perceive them as effective" even though such meetings were part of her performance duties. S. App'x 59.[1] Ms. Von Kelsing's supervisor also noted that "[t]he WARR half of her position has been very difficult for her to grasp." S. App'x 60. Nevertheless, Ms. Von Kelsing's supervisor gave her a rating of 3 out of 5, or "fully successful," for the 2019 appraisal year. S. App'x 59–62; *see* 5 C.F.R. § 430.208(d)(2)(iii). Her performance review for the 2020 appraisal year reflected similar difficulties with the WARR aspects of her job; still, Ms. Von Kelsing's supervisor again gave her a 3 out of 5 "fully successful" rating. S. App'x 64–67.

---

[1] "S. App'x" refers to the supplemental appendix included with the government's informal brief.

In May 2020, Ms. Von Kelsing transferred to a different division within the Navy and began reporting to new supervisors. She continued to have WARR responsibilities in this new position. Since Ms. Von Kelsing "was teleworking on a full-time basis as a result of the COVID-19 pandemic," Ms. Von Kelsing's new supervisors "held a telephone conference" with her, "during which they reviewed [her] position description with her in detail, explained" the "expectations of her performance of those duties, and reviewed the training that would be provided to [her] to assist her with performing her duties." *Initial Decision*, 2022 WL 199510; S. App'x 6.

Ms. Von Kelsing's new supervisors observed that she had not improved on the performance of her WARR duties. From August to September 2020, her supervisors had several discussions with her about strategies for improving on her WARR duties. S. App'x 68–78. Seeing no improvement, Ms. Von Kelsing's supervisors placed her on a Performance Improvement Plan ("PIP"). S. App'x 79–84. Ms. Von Kelsing's supervisors determined that she failed to improve under the PIP, S. App'x 85–92, and the Navy removed her, S. App'x 93–94.

Ms. Von Kelsing appealed to the MSPB, challenging the Navy's removal. The administrative judge ("AJ") affirmed in an initial decision. Relevant here, the AJ found that the Navy communicated Ms. Von Kelsing's performance standards to her. Although the AJ found that Ms. Von Kelsing's supervisors had not provided her a written "copy" of her performance standards, the AJ found that, "[b]y April 1, 2020, [Ms. Von Kelsing] knew she would be assessed against the performance standards set forth in the [Department of Defense Performance Management and Appraisal Program ("DPMAP")], and knew precisely where to locate a copy of those standards." *Initial Decision*, 2022 WL 199510; S. App'x 13. Thus, the AJ found "that the [Navy] has shown by substantial evidence that it communicated [Ms. Von Kelsing's] critical elements and

performance standards to [her] as required." *Initial Decision*, 2022 WL 199510; S. App'x 14.

Ms. Von Kelsing filed a petition for review before the full MSPB, which affirmed the initial decision. *Final Order*, 2024 WL 1070872, at *1. Ms. Von Kelsing timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On review of the MSPB's decision, we must "hold unlawful and set aside any agency action, findings, or conclusions found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Von Kelsing argues on appeal that the Navy failed to properly provide her the governing performance standards. We understand her to make both a legal and a factual argument. Legally, she argues that the relevant provisions require providing a *written* copy of her performance standards, stating that, "[i]f I was not provided a *copy* of my critical elements and performance standards, then the [Navy] did not communicate my standards to me." Informal Reply Br. 1 (emphasis added). Factually, she argues that "[a]t no time during the appraisal period did my first line supervisor meet with me to discuss my performance standards." Appellant's Informal Br. 1. We reject both arguments.

The relevant statutory provision requires that, "at the beginning of each . . . appraisal period," the agency "communicat[e] to each employee the performance standards and the critical elements of the employee's position." 5 U.S.C. § 4302(c)(2). We have interpreted this provision to prohibit taking adverse action against an employee without prior notice of the performance standards for the specific appraisal period at issue. *Weirauch v. Dep't of the*

*Army*, 782 F.2d 1560, 1563 (Fed. Cir. 1986). Importantly, however, "[p]rovided the substantive rights of the employee are preserved (that is, communication of the standards beforehand and evaluation thereon after an opportunity to improve)," we have concluded that an agency has met its obligation to communicate the contents of performance standards to an employee. *Id.*

We first address Ms. Von Kelsing's legal argument that the Navy should have provided her a written copy of her performance standards. The applicable statutory provision merely requires "communicating" the performance standards and critical elements of the employee's position without specifying whether this communication must be written or verbal. 5 U.S.C. § 4302(c)(2). And Ms. Von Kelsing identifies no other source of law, nor are we aware of one, requiring that the communication of performance standards be in writing. Thus, Ms. Von Kelsing has not demonstrated that the MSPB legally erred by concluding that the Navy did not need to provide her a written copy of her performance standards.[2]

We next turn to Ms. Von Kelsing's factual argument that her supervisor never met or communicated with her regarding her performance standards. The AJ found that Ms. Von Kelsing's supervisors held a meeting with her "during which they reviewed [her] position description with her in detail, explained to [her] their expectations of her performance of those duties, and reviewed the training that would be provided to [her] to assist her with performing her

---

[2]    It also appears that Ms. Von Kelsing *did* have access to a written copy of her performance standards in the DPMAP database. *Initial Decision*, 2022 WL 199150; S. App'x 13 (finding that Ms. Von Kelsing had access to "and knew precisely where to locate a copy of those standards"). Ms. Von Kelsing has not shown that this factual determination lacks substantial-evidence support.

duties." *Initial Decision*, 2022 WL 199510; S. App'x 6. Substantial evidence supports this finding. *E.g.*, S. App'x 79 (referencing a discussion of Ms. Von Kelsing's "current performance plan" on May 27, 2020). Ms. Von Kelsing's argument otherwise is a dispute with the particular facts the AJ found, but she fails to establish that no reasonable factfinder could have found as the AJ did on this record. *See Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938) (observing that substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). We thus reject her argument that the MSPB lacked evidentiary support for its factual finding that the Navy adequately communicated her performance standards to her.

## CONCLUSION

We have considered Ms. Von Kelsing's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the MSPB's decision affirming her removal from her position at the Navy.

**AFFIRMED**

### COSTS

No costs.